The document below is hereby signed.

Signed: June 26, 2018



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ALEXANDER ROSS FITZGERALD, | ) | Case No. 18-00377 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

### MEMORANDUM DECISION AND ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY AND REDUCING THE DEBTOR'S COUNSEL'S FEES

Under 11 U.S.C. § 362(c)(3)(A), the automatic stay in this case was to expire on June 27, 2018, the 30th day after the commencement of this case unless extended "after notice and a hearing completed before the expiration of the 30-day period" under 11 U.S.C. § 362(c)(3)(B). On May 28, 2018, the debtor filed a *Motion to Extend the Automatic Stay* (Dkt. No. 6). Under 11 U.S.C. § 102(a)(1), the "after notice and a hearing" requirement could have been satisfied with respect to the *Motion*, without an actual hearing, had the debtor given notice under LBR 9013-1 of the opportunity to oppose the *Motion* and no creditor had timely opposed the *Motion*.

The debtor failed to include with the *Motion* a LBR 9013-1 notice of the opportunity to oppose the *Motion*. This led to the

court's issuing an *Order Directing The Debtor to File Notice of Opportunity to Oppose and Notice of a Hearing* (Dkt. No. 10) on June 1, 2018.  The debtor failed, as directed by that *Order*, to give LBR 9013-1 notice to creditors by June 5, 2018, of the opportunity to oppose the debtor's *Motion to Extend the Automatic Stay* and of a hearing on the *Motion* set for June 26, 2018, at 11:30 a.m.

Rather than denying the *Motion* based on that failure, the court decided on June 19, 2018, to issue an order giving creditors notice regarding the *Motion* and the hearing on the *Motion*.  However, as of June 19, 2018, only seven days were left before the hearing of June 26, 2018, leaving little time for creditors to oppose the *Motion*.  Accordingly, in the court's *Order* of June 19, 2018 (Dkt. No. 18), the court gave creditors notice that the *Motion* could be opposed at the hearing of June 26, 2018, or in writing beforehand.  The court felt that it was no longer appropriate to act on the *Motion* without an actual hearing if no opposition were filed.

In its *Order* of June 19, 2018 (Dkt. No. 18), the court directed that "the debtor shall appear at the hearing on the *Motion to Extend the Automatic Stay* or the motion will be denied"; and also directed that "the debtor's counsel appear at the hearing and show cause why his fees ought not be reduced." As of 12:45 p.m. on June 26, 2018, more than an hour after the

scheduled starting time, neither the debtor nor his counsel, Craig A. Butler, had appeared for the hearing and the court concluded the hearing shortly thereafter. Accordingly, the *Motion to Extend the Automatic Stay* must be denied.

As to reducing Butler's fees, it is noted that no creditor appeared to oppose the *Motion to Extend the Automatic Stay* and no creditor filed an opposition to the same. Had Butler included a LBR 9013-1 notice with the *Motion to Extend the Automatic Stay*, or complied with the court's *Order Directing The Debtor to File Notice of Opportunity to Oppose and Notice of a Hearing,* there is a strong possibility that the *Motion to Extend the Automatic Stay* might have been unopposed and might have been granted as unopposed. Instead of being extended, the automatic stay will terminate on June 27, 2018, by operation of 11 U.S.C. § 362(c)(3).[1] Butler's failure to include a LBR 9013-1 notice with the *Motion to Extend the Automatic Stay* (Dkt. No. 6), and his failure, further, to comply with the *Order Directing The Debtor to File Notice of Opportunity to Oppose and Notice of a Hearing* were failings that warrant treating the agreed fee of $4,500.00 in the case as being excessive and not a reasonable

---

[1] It is possible that the debtor may obtain a confirmed Chapter 13 plan that will be binding on creditors, but a creditor's violations of the terms of the plan would not include the possibility of punitive damages under 11 U.S.C. § 362(k) for a violation of the automatic stay. Moreover, the confirmation hearing is set for July 20, 2018, and there is always the possibility that confirmation might be delayed beyond that date.

amount of agreed compensation. Those failings warrant treating the agreed compensation as unreasonable to the extent of $500.00. Pursuant to 11 U.S.C. § 329(b), the agreed compensation will be reduced by $500.00.

In addition, Butler's failure to appear as directed at the hearing of June 26, 2018, is a separate matter, along with the poor quality of his services on behalf of the debtor, warranting a referral under District Court Local Civil Rule 83.16(d)(2) (made applicable by LBR 2090-1(b)(7)) to the Committee on Grievances of the District Court of which this court is a unit under 28 U.S.C. § 151.  A referral will follow.

In light of the foregoing, it is

ORDERED that the *Motion to Extend the Automatic Stay* (Dkt. No. 6) is DENIED.  It is further

ORDERED that the agreed fee of $4,500.00 for the debtor's counsel, Craig A. Butler, is reduced by $500.00 to $4,000.00.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.

R:\Common\TeelSM\Judge Teel Docs\Fitzgerald (Alexander) - Mem Decsn & Order re 362(c)(3) & Reduce Fees_v3.wpd